Filed 1/22/16  P. v. Kelley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079477 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040960) |
| v. | |
| BRANDON ROSS KELLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Ross Kelley has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment. We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## I.  BACKGROUND

Cecilia Sanchez was dating defendant's brother when she left her wallet containing between $850 and $900 in cash and a $75 necklace in a car owned by defendant's mother.  Defendant took the car and refused to return Sanchez's property at her request.  He told her she "had better not call the cops."  Sanchez defied defendant and contacted law enforcement.  Later, Sanchez reported defendant's mother had retrieved her wallet from the car and returned it to her, but the money and an access card were missing.  Defendant eventually surrendered to law enforcement.

An information charged defendant with numerous criminal offenses.  Defendant pleaded no contest to dissuading a witness (Pen. Code, § 136.1, subd. (a)(1)), a felony, and the remaining counts were dismissed with a *Harvey* waiver.[1]  Defendant filed a motion to reduce his charge to a misdemeanor, which the trial court denied.  The trial court then granted defendant three years' probation.  Among the terms and conditions of his probation were that he waive his presentence custody credits, serve 10 days in county jail, and enter an approved treatment program.  The trial court also ordered defendant to pay various fines and fees.

Approximately three months later, defendant admitted violating probation by leaving his residential treatment program.  The trial court reinstated defendant on probation, conditioned on again waiving his custody credits and serving an additional 120 days.

Less than three months later, the probation department alleged another violation of probation, again based on defendant leaving his residential treatment program.  Defendant admitted the probation violation.  The trial court sentenced defendant to a term of three years in state prison and awarded him 161 days of presentence custody credit.

---

[1]  *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant filed a timely notice of appeal.  He did not obtain a certificate of probable cause.

## II.  DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III.  DISPOSITION

The judgment is affirmed.


/S/

RENNER, J.


We concur:



/S/

HULL, Acting P. J.


/S/

HOCH, J.